UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Angela Tonyan, | |
| Plaintiff, | COMPLAINT |
| v. | |
| Dunham's Athleisure Corporation, | Case No. 18 CV 402 |
| Defendant. | |

Plaintiff, Angela Tonyan, by and through her attorneys, Bakke Norman, S.C., by Peter M. Reinhardt, states and complains of Defendant, Dunham's Athleisure Corporation, as follows:

## PARTIES

1. Plaintiff, Angela Tonyan, is an adult resident of the State of Wisconsin and resides at 1503 4 ½ Avenue, Dallas, Wisconsin.

2. Defendant, Dunham's Athleisure Corporation, is a foreign business corporation with its principal place of business located at 5607 New King Drive, Suite 125, Troy, Michigan. Its registered agent is C T Corporation System, 301 S. Bedford St., Suite 1, Madison, Wisconsin.

## NATURE OF ACTION

3. Plaintiff Tonyan, claims the Defendant, Dunham's Athleisure Corporation, discriminated against her by failing to accommodate her disability and terminated her employment because of disability in violation of 42. U.S.C. § 12112(a) and 42 U.S.C. §12112(b)(1) – (b)(7).

4. Plaintiff Tonyan, filed a discrimination complaint with the Equal Rights Division on October 24, 2016, which was cross-filed with the EEOC, Case No. 26G201700127C.

5. Plaintiff Tonyan received a Notice of Right to Sue with respect to the complaint identified in paragraph four hereof on March 2, 2018.

## JURISDICTION & VENUE

6. Jurisdiction in this court is proper as this case presents federal questions and controversy. Venue in the Western District of Wisconsin is appropriate because the conduct giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

7. Plaintiff Tonyan began working for Defendant in 2007 as an Assistant Manager of the Dunham's Sports (Dunhams) store located in Rice Lake, Wisconsin.

8. During the fall of 2009 Plaintiff sustained a left shoulder injury, while working for Defendant. In 2010, she underwent left shoulder arthroscopic rotator cuff repair, decompression and debridement.

9. In 2010, Plaintiff also developed left ulnar neuropathy symptoms and underwent surgical procedures on her left elbow and wrist.

10. In 2011, Plaintiff was issued permanent restrictions associated with the left shoulder and elbow.

11. Following these surgeries, Plaintiff was able to return to her regular job as an Assistant Manager in Rice Lake, Wisconsin.

12. In September 2011, Plaintiff was promoted to the position of Store Manager at the Dunham's store located in Menomonie, Wisconsin.

13. In the fall of 2011, Plaintiff began experiencing pain in her right shoulder. Plaintiff continued to suffer right shoulder pain for the next few years.

14. On June 30, 2014, Plaintiff underwent a surgical procedure for right shoulder arthroscopic decompression, limited lateral debridement, and mini-open rotator cuff repair.

15. In January of 2015, Plaintiff underwent a second right shoulder surgery repair, due to the failure of the first surgery. The surgical procedures included a right shoulder biceps tenotomy and debridement and open rotator cuff repair, with a repair of the tendon.

16. Plaintiff returned to work in June 2015, with temporary work restrictions associated with her right shoulder. The work restrictions were modified during the time period June 2015 through December 2015.

17. Plaintiff continued to work as Defendant's Store Manager in Menomonie, with modified hours, during the time period June 2015 through November 30, 2015.

18. In October of 2015, Defendant's workers compensation physician, Dr. O'Brien, conducted an IME on Plaintiff and authored a written report regarding her medical conditions. In his written report, Dr. O'Brien opined that Plaintiff's injuries were not work related and that she did not require any activity or work restrictions.

19. On November 30, 2015, Dunhams' Human Resources Department sent Plaintiff a letter informing her that, due to her physicians' work restrictions, she was considered to be on extended time off in accordance with the ADA. As a result, Plaintiff was placed on involuntary leave.

20. In December of 2015, Plaintiff's physician issued permanent work restrictions associated with her right shoulder, and these work restrictions were provided to Defendant.

21. In January 2016, Plaintiff received a letter dated December 31, 2015, from Defendant's Human Resources Department. This letter informed Plaintiff that, due to the restrictions in a medical report from her doctor dated December 21, 2015, the decision had been made to terminate her employment, effective immediately.

22. Prior to terminating Plaintiff's employment, Defendant did not engage in a dialogue or

3

interactive process with Plaintiff.

23. At all relevant times, Defendant's actions and omissions were attended by a willful disregard of her federally protected rights and interests.

### FIRST CAUSE OF ACTION – FAILURE TO PROVIDE REASONABLE ACCOMMODATION (Violation of 42 U.S.C. § 12112(b)(5))

24. Plaintiff realleges and incorporates the allegations in all previous paragraphs.

25. At all relevant times, Plaintiff Tonyan was a qualified individual with a disability, as those terms are defined in 29 CFR § 1630.2(g) and 29 CFR § 1630.2(m).

26. At all relevant times, Plaintiff Tonyan could perform the essential functions of her job as Store Manager, with or without reasonable accommodation.

27. Defendant failed to make reasonable accommodations for Plaintiff Tonyan, which failure constitutes a violation of 42 U.S.C. § 12112(b)(5).

28. Plaintiff Tonyan has suffered and continues to suffer pecuniary harm, emotional injury, and pain and suffering as a result of Defendant's conduct.

### SECOND CAUSE OF ACTION – TERMINATION OF EMPLOYMENT (Violation of 42 U.S.C. § 12112(a) & § 12112(b))

29. Plaintiff realleges and incorporates the allegations in all previous paragraphs.

30. Defendant discriminated against Plaintiff by terminating her employment based on her disability.

31. Plaintiff Tonyan's disability was a motivating factor in Defendant's employment action.

32. Defendant's conduct was a violation of 42 U.S.C. § 12112(a) and 42 U.S.C. § 12112(b).

33. Plaintiff Tonyan has suffered and continues to suffer pecuniary harm and emotional injury as a result of Defendant's discrimination.

WHEREFORE, Plaintiff Tonyan respectfully requests the following relief:

A. Compensatory Damages;

B. Back Pay;

C. Reinstatement of front pay in lieu thereof;

D. Prejudgment Interest;

E. Punitive Damages;

F. Attorney's Fees and Costs;

G. Such other further relief as the Court deems appropriate.

**A JURY TRIAL IS DEMANDED**

Dated: 5/24/18

BAKKE NORMAN, S.C.

By: _____
Peter M. Reinhardt
Attorney No. 1025187
2919 Schneider Avenue SE, P.O. Box 280
Menomonie, WI 54751-0280
(715) 235-9016
preinhardt@bakkenorman.com

Attorneys for Angela Tonyan