UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**Angela Tonyan,**

            **Plaintiff,**

v.

            Case No. 18 CV 402
            Honorable Barbara Crabb

**Dunham's Athleisure Corporation,**

            **Defendant.**

### DUNHAM'S ATHLEISURE CORPORATION'S
### ANSWER TO COMPLAINT, AFFIRMATIVE AND OTHER DEFENSES
### AND RELIANCE ON PLAINTIFF'S JURY DEMAND

Defendant, Dunham's Athleisure Corporation ("Dunham's"), by and through counsel, Nemeth Law, P.C., files this Answer, Affirmative and Other Defenses and Reliance on Plaintiff's Jury Demand to Plaintiff Angela Tonyan's Complaint and in support states:

### PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter asserted, and therefore denies, but leaves Plaintiff to her proofs.

2. Defendant admits the allegation contained therein.

### NATURE OF ACTION

3. Defendant denies the allegation contained therein. Defendant further states that not only did Defendant not discriminate against Plaintiff, but Defendant engaged in the interactive process and accommodated Plaintiff throughout the term of her employment, until permanent restrictions rendered Plaintiff incapable of performing the essential functions of her job.

4. Defendant admits the allegation contained therein. Defendant further states that on or about June 16, 2017 there was a finding of No Probable Cause in Case No. 26G201700127C,

1

and Plaintiff's Complaint was dismissed.  Plaintiff appealed the dismissal on June 20, 2017.  On February 20, 2018, following several months of discovery, Plaintiff withdrew her Complaint and requested a Right to Sue letter.  On February 28, 2018 a "Notice of Right To Sue" was issued at the request of Plaintiff.

5. Defendant admits that on February 20, 2018, the Wisconsin Equal Rights Division (ERD) issued a Right to Sue letter after Plaintiff requested that she be allowed to withdraw her complaint.  Defendant further answers that the ERD sent the Right to Sue to Plaintiff via mail to Plaintiff, care of Peter Reinhardt, Bakke Norman, P.C.  Defendant lacks sufficient information and knowledge to formulate a belief as to the truth of the allegations contained in Paragraph 5 and leaves Plaintiff to her proofs.

## JURISDICTION AND VENUE

6. The allegations in Paragraph 6 of Plaintiff's Complaint state a legal conclusion to which no response is required.

7. Defendant admits the allegation contained therein.

## ALLEGATIONS

8. Defendant admits, upon information and belief, that Plaintiff had surgery on her left shoulder in April 2010.  With respect to the remainder of the allegations contained therein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter asserted, and therefore denies, but leaves Plaintiff to her proofs.

9. Defendant admits, upon information and belief, that Plaintiff had surgery on her left wrist and left elbow in August 2010.  With respect to the remainder of the allegations contained therein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter asserted, and therefore denies, but leaves Plaintiff to her proofs.

10. Defendant denies the allegations contained therein for the reason that they are untrue. Defendant further answers that upon information and belief, Plaintiff was issued permanent restrictions with respect to her left shoulder and left elbow in January 2012.

11. Defendant denies the allegations contained therein as characterized by Plaintiff. Defendant further answers that after having both the left shoulder surgery in April 2010 left elbow and left wrist surgery in August 2010, Plaintiff returned to work as an Assistant Manager in Rice Lake, Wisconsin with lifting and reduced hour restrictions, which Defendant accommodated. In January 2012, when Plaintiff's doctor issued permanent lifting and other restrictions, Plaintiff was working as a Store Manager in Menominee, Wisconsin, following her promotion to that position in September 2011. Defendant further answers that it accommodated Plaintiff's permanent restrictions on her left shoulder and left elbow from January 2012 until the end of her employment in December 2015.

12. Defendant admits the allegations contained therein.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter asserted, and therefore denies, but leaves Plaintiff to her proofs.

14. Defendant admits that, upon information and belief, Plaintiff had surgery on her right shoulder in June of 2014. As to the remainder of the allegations contained therein, Defendant is without knowledge or sufficient information to form a belief as to the truth asserted and therefore denies and leaves Plaintiff to her proofs.

15. Defendant admits that, upon information and belief, Plaintiff had a second surgery on her right shoulder in January of 2015. Defendant denies that this second right shoulder surgery was due to a failure of the first right shoulder surgery based on statements Plaintiff made to Defendant. As to the remainder of the allegations contained therein, Defendant is without

knowledge or sufficient information to form a belief as to the truth asserted and therefore denies and leaves Plaintiff to her proofs.

16. Defendant denies that Plaintiff returned to work in June of 2015. Defendant admits that Plaintiff's restrictions fluctuated between June of 2015 and December of 2015. Defendant further answers that it provided Plaintiff with reasonable accommodations related to her varying work restrictions from June 2015 until the end of her employment in December 2015.

17. Defendant denies the allegations contained therein for the reason that they are untrue. Defendant further answers that Plaintiff did not return to work in June 2015 and did not continue to work for the entire time period of June 2015 through November 2015. At points in time during the time period of June 15, 2015 through November 30, 2015, Plaintiff was issued varying work restrictions and also was on leaves of absence. Defendant further answers that, from the time period June 2015 through November 2015, Defendant provided a reasonable accommodation to Plaintiff's varying work restrictions and provided Plaintiff with a salary increase and a bonus.

18. Defendant admits that, upon information and belief, Plaintiff underwent an IME in October of 2015 following two surgeries on her right shoulder. That IME was related to a Workers' Compensation claim Plaintiff filed against Defendant in August 2016. In her petition seeking compensation for a work related injury, Plaintiff claimed a temporary total disability to her right shoulder from November 5, 2015 until December 21, 2015 following an injury she allegedly sustained at work on September 15, 2015 while pushing a rack. The IME determined Plaintiff's issues with her right shoulder were due to a "progressive bilateral degenerative shoulder condition." The IME also indicated Plaintiff should be using her shoulder more not less. As to the remainder of the allegations contained therein, Defendant is without knowledge or information

sufficient to form a belief as to the truth of the matter asserted, and therefore denies, but leaves Plaintiff to her proofs.

19. Defendant admits that Plaintiff was notified on November 30, 2015 that Defendant's extension of her existing Leave of Absence was considered an extended Leave of Absence under the ADA. Defendant further states that at this point, Plaintiff's eligible leave time under the Family Medical Leave had expired and the letter served as notification that Plaintiff's leave of absence would now be considered a leave under the ADA. Defendant denies that Plaintiff was placed on an involuntary leave. Defendant further states that it provided Plaintiff with a reasonable accommodation as legally required by the ADA. All other allegations contained therein are denied.

20. Defendant admits the allegations contained therein.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth when Plaintiff received the letter in question, but leaves Plaintiff to her proofs. Defendant further states that it sent a letter in December of 2015 to Plaintiff informing her that, among other things, due to the restrictions stated by Plaintiff's doctor, her employment was terminated effective December 31, 2015.

22. Defendant denies the allegations contained therein for the reason that they are untrue.

23. Defendant denies the allegations contained therein for the reason that they are untrue.

## FIRST CAUSE OF ACTION-FAILURE TO PROVIDE REASONABLE ACCOMMODATION

24. Defendant restates and incorporates all the answers in the previous paragraphs as if fully restated herein.

25. Defendant denies the allegation contained therein for the reason that it is untrue.

26. Defendant denies the allegation contained therein for the reason that it is untrue.

27. Defendant denies the allegation contained therein for the reason that it is untrue.

28. Defendant denies the allegations contained therein for the reason that they are untrue.

## SECOND CAUSE OF ACTION-TERMINATION OF EMPLOYMENT

29. Defendant restates and incorporates all the answers in the previous paragraphs as if fully restated herein.

30. Defendant denies the allegation contained therein for the reason that it is untrue.

31. Defendant denies the allegation contained therein for the reason that it is untrue.

32. Defendant denies the allegation contained therein for the reason that it is untrue.

33. Defendant denies the allegations contained therein for the reason that they are untrue.

Defendant denies that Plaintiff is entitled to the relief requested, including Paragraphs A-G following Paragraph 33 of Plaintiff's Complaint, or any other relief.

Defendant therefore respectfully requests that this HONORABLE COURT deny the relief sought by Plaintiff, and award Defendant any further relief deemed just and equitable for having to defend against such action.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims are barred in whole or in part, because Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, because legitimate, nondiscriminatory and non-retaliatory business reasons exist for all employment decisions involving Plaintiff.

3. Plaintiff's claims are barred, in whole or in part, by reason of her own actions, omissions, statements, and/or conduct.

4. Plaintiff is estopped by her own actions from obtaining relief.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA") as interpreted by courts of competent jurisdiction.

6. Plaintiff's claims are barred in whole or in part, because Plaintiff could not perform the essential functions of her position with or without reasonable accommodation.

7. Plaintiff's claims are barred in whole or in part, because Defendant could not accommodate Plaintiff's medical condition without an undue hardship.

8. Plaintiff is not entitled to the damages she seeks.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to reasonably mitigate her damages.

10. By raising the above defenses and affirmative defenses, Defendant expressly does not assume any burden of proof that applicable substantive law may place on Plaintiff.

Defendant reserves the right to raise additional defenses as they may become known during the course of discovery.

## RELIANCE OF PLAINTIFF'S JURY DEMAND

Defendant relies on the jury demand filed by Plaintiff.

                    Respectfully submitted,

                    NEMETH LAW, PC.

                    s/ Patricia Nemeth_____
                    Patricia Nemeth (Michigan-P37004)
                    Deborah Brouwer (Michigan-P34872)
                    Attorneys for Dunham's
                    200 Talon Centre, Ste. 200
                    Detroit, MI 48207
                    (313)567-5921
                    pnemeth@nemethlawpc.com
                    dbrouwer@nemethlawpc.com

Date:   June 15, 2018

## **PROOF OF SERVICE**

I hereby certify that on June 15, 2018, I electronically filed the foregoing documents (*Defendant Dunham's Athleisure Corporation's Answer to Complaint, Affirmative and Other Defenses, and Reliance on Plaintiff's Jury Demand*) with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

    Respectfully submitted,

    NEMETH LAW, PC.

    s/ Patricia Nemeth
    Patricia Nemeth (Michigan-P37004)
    Deborah Brouwer (Michigan-P34872)
    Attorneys for Dunham's
    200 Talon Centre, Ste. 200
    Detroit, MI  48207
    (313)567-5921
    pnemeth@nemethlawpc.com
    dbrouwer@nemethlawpc.com

Date:   June 15, 2018