IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANGELA TONYAN,

                                                                   ORDER

                Plaintiff,

                                                        18-cv-402-bbc

    v.

DUNHAM'S ATHLEISURE CORPORATION,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this case brought under the Americans with Disabilities Act, I entered summary judgment in favor of defendant Dunham's Athleisure Corporation and against plaintiff Angela Tonyan. Plaintiff appealed. Now before the court is plaintiff's motion to supplement the appeal record with a document, "exhibit 3," from plaintiff's January 25, 2018 deposition. The document is a portion of a store manager job description. Plaintiff says that she thought that the document had been part of the record at summary judgment, but it was not. She asks that it be added to the record on appeal because it is essential to the issues on appeal, and in particular, which job description applied to plaintiff during the relevant time.

      I will deny plaintiff's motion because she is asking the court to add a document to the appellate record that this court did not review in granting summary judgment to defendant. Under Rule 10(e)(2), a district court may correct or modify the record on appeal if "anything material to either party is omitted from or misstated in the record by error or accident." The purpose of Rule 10(e)(2) is to insure that the appellate record reflects the proceedings below.

Shasteen v. Saver, 252 F.3d 929, 935, n.2 (7th Cir. 2001) ("[Th]e purpose of Rule 10(e) is to ensure that the court on appeal has a complete record of the proceedings leading to the ruling appealed from."); United States v. Elizalde-Adame, 262 F.3d 637, 641 (7th Cir. 2001) ("The purpose of Rule 10(e) is to . . . allow[ ] us to review the decision that the trial court made in light of the information that was actually before it."). However, Rule 10(e)(2) should not be used to supplement the record with evidence that was not before the district court. Midwest Fence Corp. v. United States Dep't of Transp., 840 F.3d 932, 946 (7th Cir. 2016) ("As a general rule, we will not consider evidence on appeal that was not before the district court when it rendered its decision."); Elizalde-Adame, 262 F.3d at 640 ("Rule 10(e) does not allow a party to add materials to the record on appeal which were not before the district court."). Although plaintiff believes exhibit 3 is important to her claim, the time for presenting it to the court was at summary judgment. Now that this case is on appeal, it is too late to add additional evidence to support plaintiff's claim. Accordingly, plaintiff's motion will be denied.

ORDER

IT IS ORDERED that plaintiff Angela Tonyan's motion to supplement the record on appeal, dkt. #54, is DENIED.

Entered this 2d day of April, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge